1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

KELLY CORCORAN,

Case No. C21-478RSL

9

Plaintiff,

ORDER DENYING MOTION
TO REMAND

10

v.

11
12

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY S.I., a foreign
insurer,

13
14

Defendant.

15
16
17

This matter comes before the Court on plaintiff's "Motion to Remand" (Dkt. # 8). The

18

Court has reviewed the parties' submissions.[1]

19

This litigation commenced in King County Superior Court on March 16, 2021. Dkt. # 1-

20

1. Plaintiff alleges claims for violation of Washington's Insurance Fair Conduct Act, breach of

21

contract, violation of Washington's Consumer Protection Act, breach of the implied covenant of

22

good faith and fair dealing, negligence, and declaratory relief. Dkt. # 1-1 ¶¶ 6.1–6.7. The

23

complaint maintains that defendant served as plaintiff's automobile insurance carrier, that

24

plaintiff was injured in an automobile collision due to the negligence of an uninsured driver,

25

Dkt. # 1-1 ¶ 3.1, and that defendant had issued an applicable insurance policy to plaintiff that

26

included uninsured motorist (UIM) coverage with a policy limit of $100,000 per person. Dkt.

27

28

---

[1] The Court finds this matter suitable for disposition without oral argument.

ORDER DENYING MOTION
TO REMAND - 1

1  # 1-1 ¶ 1.2. Plaintiff seeks "compensatory damages pursuant to the terms of her UIM policy,"
2  economic damages, non-economic damages, reasonable attorney fees, prejudgment interest on
3  liquidated damages, costs and disbursements, treble damages, and payment of all money
4  recovered by defendant from the at-fault uninsured driver. Dkt. # 1-1 ¶¶ 7.1–7.9. On April 9,
5  2021, defendant removed the case to federal court based on diversity jurisdiction. Dkt. # 1.

6       A defendant in state court generally has the right to remove the case to federal court only
7  if the case could have been filed originally in federal court. See 28 U.S.C. § 1441(a). The
8  general removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the
9  removability of a case will be resolved in favor of remanding the matter to state court. See, e.g.,
10 Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941); Durham v. Lockheed
11 Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). Defendant has the burden of proving by a
12 preponderance of the evidence that removal is appropriate under the statute. Hunter v. Philip
13 Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

14      Federal courts have jurisdiction over cases involving citizens of different states where the
15 amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity is undisputed in this
16 case. See Dkt. # 8 at 3 ("Plaintiff concedes that the parties are in complete diversity."). The
17 parties do not agree, however, on the amount in controversy. "Where it is not facially evident
18 from the complaint that more than $75,000 is in controversy, the removing party must prove, by
19 a preponderance of the evidence, that the amount in controversy meets the jurisdictional
20 threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).
21 Although plaintiff did not plead specific dollar values in the section of her complaint governing
22 damages, the face of the complaint nevertheless makes clear that plaintiff is seeking damages in
23 excess of $75,000. See Lim v. Nat'l Gen. Ins. Co., No. C15-383RSL, 2015 WL 12025326, at *2
24 (W.D. Wash. Apr. 30, 2015) (finding that "the alleged facts and damages in plaintiff's complaint
25 are sufficient to establish an amount in controversy in excess of the jurisdictional threshold"
26 where plaintiff did not allege an exact dollar amount of damages but the complaint otherwise
27 asserted entitlement to damages associated with a particular policy limit).

28

ORDER DENYING MOTION
TO REMAND - 2

1  　　　The complaint here includes various allegations that the damages in question exceed the

2  $100,000 policy limit, e.g.,

3  　　　3.3　　To date, the cost of Plaintiff's reasonable and necessary treatment for
   injuries caused by the crash exceeds $16,000. *A conservative estimate of the cost*
4  *of reasonable and necessary treatment over her remaining lifetime exceeds*
5  *$100,000.*

6  　　　3.4　　In addition to experiencing physical pain, mental suffering, inconvenience,
7  disability and disfigurement caused by the crash, Plaintiff also experienced and
   continues to experience a profound loss of enjoyment of life. An elite athlete
8  before the crash, Plaintiff's injuries have had a profound impact on her ability to
9  take part in the physical activities that defined her – all of which were performed
   without pain, weakness or limitation before the crash. *Plaintiff is entitled to fair*
10 *and reasonable compensation for her past and future non-economic damages, the*
11 *value of which exceed the American Family UIM insurance policy limit.*

12  　. . . .

13

14  　　　4.1　　On October 10, 2017, *pursuant to the terms of her UIM policy, Plaintiff*
   *submitted a 30-page written $100,000 policy limit demand* to American Family
15  claim adjuster Sarai L. Hernandez. Plaintiff based her policy limit demand on a
   showing that *fair and reasonable compensation for her damages exceeded*
16  *$500,000. Plaintiff provided 305 pages of medical records in further support of*
17  *her policy limit settlement demand.*

18  　. . . .

19

20  　　　4.6　　. . . . Plaintiff also submitted no fewer than ten jury verdict and settlement
   reports establishing that *fair and reasonable compensation for Plaintiff's non-*
21  *economic damages alone exceed her $100,000 UIM policy limit.*

22  Dkt. # 1-1 (emphasis added). Given the complaint's allegations indicating that plaintiff is

23  entitled to damages in excess of the $100,000 policy limit, defendant has established that the

24  amount in controversy more likely than not exceeds $75,000. Accordingly, the Court has subject

25  matter jurisdiction over this matter.

26  　　　For all of the foregoing reasons, plaintiff's "Motion to Remand" (Dkt. # 8) is DENIED.

27

28

ORDER DENYING MOTION
TO REMAND - 3

1    DATED this 16th day of August, 2021.

2

3

4                                   Robert S. Lasnik
                                    United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING MOTION
TO REMAND - 4